### MARIA SIP, DEMANDANT, v. LAWBACK.

In Dower. Rule to show cause &c.

A widow is not bound to claim or take her dower entire out of the whole plantation in possession of the heirs of her deceased husband, but may recover it in parcels, against the several tenants in possession.

Sip v. Lawback.

The widow as Administratrix of her husband, by selling and conveying his lands for the payment of his debts, under a decree of the Orphans' Court, is not thereby estopped from claiming her dower therein, although it is not reserved or excepted in her deed to the purchaser, at such sale. Nor is her silence as to her right of dower, at the time of sale, evidence of fraud, or a concealment of a *secret* incumbrance, by which she forfeits her dower. She is under no obligation to proclaim at such sale, her right to dower in the property.

On the trial of this cause at the Passaic Circuit, before his Hon. Mr. Justice Ford, the jury rendered a verdict for the defendant. On the coming in of the Postea, a rule was granted, calling on the defendant to show cause, why the verdict should should not be set aside, and a new trial granted.

*J. Speer* for the demandant, now moved to make the rule absolute. He cited *Elm. Dig.* 490, *pl.* 21; *Id.* 493, *pl.* 32; *Id.* 494, *pl.* 38; *Williams* v. *Lambe,* 3 *Br. C. R.* 264; *Den ex dem. Warrick* v. *Hunt,* 6 *Halst. R.* 1, 11; *Greenleaf* v. *Queen et al.,* 1 *Peters' U. S. R.* 138, 147.

*E. B. D. Ogden,* contra, cited *Laird* v. *Wilson,* 1 *Penn. R.* 281, 284; *Exrs. of Wendall* v. *Van Rensselaer,* 1 *Johns'. C. R.* 344, 354; *Polhill* v. *Walter,* 3 *Barn. & Adol.* 114; *Foster et al.* v. *Charles,* 6 *Bingh.* 396; *S. C.* 7 *Bingh.* 105; *Corbett et al.* v. *Brown,* 8 *Bingh.* 33.

HORNBLOWER, C. J.    Marriage, seizin, and the death of the husband, were fully proved, and not denied, on the trial: but the defendant set up three several grounds of defence, viz.: First, That the premises in the possession of the defendant, was only a small part of the land whereof demandant's husband died seized; and that she ought to take her dower, entire, out of the whole plantation in possession of the heirs; and not in parcels, by suit against him and others who may have purchased parts of the land. This ground was properly overruled by the judge, and is so utterly untenable, that it is needless to spend words about it.    If the jury were influenced in rendering their verdict, by any such argument, it was a verdict against law, and must be set aside.    Second, That the demandant was estopped; or at least, equitably barred by her own deed: she and her co-admin-

istrators having joined in a deed of conveyance of the premises in question, to the defendant, without making any reservation of her right of dower.

The facts are simply these: the demandant's husband died intestate; she with two other persons administered upon his estate. The personal property being insufficient to satisfy the debts, the Orphans' Court decreed a sale by the administrators, of the land in question, for the payment of those debts. The land was advertised for sale by the administrators, as such, in pursuance of that decree; the defendant purchased the premises, and the administrators conveyed the same to the defendant, by the usual and ordinary administrator's deed. Yet, it was insisted on the trial, that the demandant was estopped, or at least that her deed operated as a release, or an equitable bar to this action. The judge, with great propriety, overruled the objection, and stated to the jury, that by that deed, the demandant conveyed nothing but the title of the heirs at law of her deceased husband; that she made the sale and executed the deed in obedience to a judicial order of a competent court, and would have been liable to punishment for contempt, if she had refused to do so; and that her deed, as administratrix, availed nothing in law, against her right to dower out of the lands so conveyed by her. The verdict therefore, if based upon this objection, was not only against the charge of the court, but against one 'of the clearest principles of law. But Thirdly, It was insisted, that the demandant had forfeited her right to recover in this action, by fraudulently concealing from the defendant, at the time of the sale, her right to dower in the premises, and her intention of claiming the same.

It must have been upon this ground, I presume, that the jury rendered their verdict. Fraud vitiates everything, and if there were any facts or circumstances in the case, that could justify the jury, in finding fraud, on the part of the demandant, the verdict must stand. Upon this point, the judge's charge was clear, and unquestionably correct; he stated to the jury, that if the holder of a *secret* incumbrance, stands by, and sees the land sold to a bona fide purchaser, without giving him notice of that incumbrance, it may amount to a fraudulent concealment, and avoid the incumbrance as against such purchaser: but that it is equally well settled, that if the purchaser knows of the incumbrance, no

notice is necessary ; or if the purchaser is apprised of any facts or circumstances, sufficient in reason, to put him on his guard, the legal presumption is, that he made the necessary inquiry, and purchased understandingly ; and if he did not, his negligence can never be set up in his favor. But in this case, the facts, are so strong, (as the judge well remarked to the jury, in his charge,) to show that the defendant knew of the demandant's right to dower, or might have known it, except for his own negligence, that he ought not to prevail in this defence, unless the demandant, not by her mere silence, but by some positive act of deception, threw him off his guard, and beguiled him into a purchase, he would not otherwise, have made. The defendant was a neighbor to Mr. Sip and the demandant : he knew that Sip died intestate, and consequently without having made any provision for the demandant by will. He knew he was treating with administrators for the purchase of the land ; and that the act of the legislature, (which every man shall be presumed to know,) entitled the widow to dower in her husband's lands. He had then full and complete knowledge of the demandant's right to dower, at the time he made the purchase. At any rate, the facts and circumstances were such, as to put him upon inquiry ; and in the language of the judge before whom the cause was tried " a man must be held bound by the light he has, before he can be tolerated to make his ignorance a pretext for destroying the just and legal rights of another." Did the demandant say any thing at the sale to deceive or mislead the defendant ? This is not pretended. True, she did not proclaim to the bidders and by-standers, that she had a right of dower in the premises, and that she intended to enforce it. But it was not a *secret* incumbrance ; she had a right to presume that every one knew, she was entitled to dower. It was an administrators' sale ; the advertisement, the articles of vendue, and the whole proceeding, was notice to every one, that she and her co-administrators were only selling as administrators, and only selling such title and interest in the land as administrators could sell. It was indeed proved on the trial, that after the sale, the demandant said she was not obliged to tell the bidders, that she had a right of dower ; that if they did not know enough to ask about her dower, she was not bound, or it was not her place, to tell them in order to make the property bring less.

This only proves that she was silent, but not that she said or did any thing to deceive or mislead the bidders. If she had known, or had supposed, that they were ignorant of her rights, it would indeed have been candid in her to have given notice of those rights; but she ought not to be deprived of her dower, for not publishing, what every one must have been presumed to have known, and what the very nature of the transaction was calculated to apprize them of.

Upon the law and the evidence in the case, the demandant was clearly entitled to recover, and the verdict must be set aside, as a verdict against the charge of the judge; against law, and against the evidence in the cause.

All the judges concurred.

*New trial granted.*